UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARENA FOOTBALL LEAGUE, LLC,<br><br>Debtor, | Case No. 09-29024<br>Chapter 11<br><br>Hon. Susan Pierson Sonderby |
| ARENA FOOTBALL LEAGUE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br>and ARENA FOOTBALL OFFICIALS ASSOCIATION,<br><br>Defendants. | Adv. Pro. No. 09-00848 |

**RESPONSE OF NATIONAL LABOR RELATIONS BOARD TO
DEBTOR'S MOTION TO STAY OR TEMPORARILY RESTRAIN
THE NLRB'S FEDERAL AGENCY PROCEEDINGS
AND SUGGESTION TO
CANCEL THE HEARING ON SEPTEMBER 22nd
DECIDE THE MOTION ON THE BRIEFS AND
DISMISS ADVERSARY COMPLAINT WITH PREJUDICE**

The National Labor Relations Board (the "Board" or "NLRB"), a government agency, respectfully submits this Response to the Debtor's Motion to stay or temporarily restrain the NLRB's administrative proceedings. The Court should reject this request to enjoin the NLRB from prosecuting the unfair labor practice administrative complaint filed against the Arena Football League, LLC (the "Debtor" or "AFL"). As shown below, there is no provision in the Code or any other authority which confers jurisdiction on the bankruptcy courts to stay or enjoin Board proceedings. Nor is there any sound factual basis to do so. Accordingly, the Board

respectfully requests that this Court deny the Plaintiff's Motion, cancel the September 22nd hearing, and dismiss the adversary complaint against the Board.

## Background

1. On June 24, 2009, the Arena Football Officials Association ("AFOA" or the "Union") filed an administrative unfair labor practice charge with the NLRB in Board Case No. 17-CA-24560 alleging that "[s]ince on or about January 12, 2009, the Arena Football League has refused to bargain by failing and refusing to acknowledge, implement, abide by and execute the written collective bargaining agreement between the AFL and the Arena Football Officials Association (AFOA) despite a request by the AFOA to execute said agreement." Following investigation, NLRB Region 17 on behalf of the NLRB General Counsel issued an administrative Complaint and Notice of Hearing (the "Complaint") against AFL on August 20, 2009. The Complaint alleges that the Debtor violated Section 8(a)(1) and (5) of the National Labor Relations Act, as amended, 29 USC §158(a)(1) and (5), by refusing to bargain in good faith with the AFOA. Specifically, the Complaint alleges that since "[o]n or about December 1, 2008, the Union and Respondent reached a complete agreement on terms and conditions of employment of employees in the Unit to be incorporated in a five-year collective bargaining agreement effective January 1, 2009," and from January 2, 2009 through present the Union has requested, and the AFL has refused, to execute the collective bargaining agreement.

2. The Complaint set the date of the hearing on this matter before an NLRB Administrative Law Judge ("ALJ") for October 20, 2009, and noted that the AFL's answer is due on September 3, 2009. On August 27, 2009, Ms. Jennifer O'Sullivan, acting in her capacity as a representative of the AFL, contacted Counsel for the NLRB General Counsel expressing her understanding that the NLRB administrative proceeding would be stayed. Counsel for the

General Counsel responded by email that the NLRB proceeding is not stayed.[1] On September 4, 2009, Counsel for the General Counsel agreed to Counsel for the Debtor's request for an extension to file an answer until September 14, 2009. To date, the AFL has not filed an answer to the Complaint.

    3. On September 14, 2009, Debtor initiated in this Court an adversary proceeding against the NLRB and filed the instant Motion seeking to stay, or alternatively enjoin, the NLRB unfair labor practice proceedings.

    4. The NLRB has not filed a proof of claim in this Bankruptcy proceeding. Should the NLRB find a violation of the NLRA, based upon the pending administrative complaint, there should not result any monetary remedy against the Debtor.

---

[1] The email from Counsel for the General Counsel to Ms. Sullivan explained, *inter alia*:
> The proceeding in this matter is not stayed. Board unfair labor practice proceedings are excepted from the automatic stay, as 11 U.S.C. § 362(b)(4) provides that the automatic stay does not apply to actions of "a governmental unit to enforce [its] ... regulatory power." Courts have found that "the NLRB is a governmental unit," and its actions are "undertaken to enforce the federal law regulating the relationship between employer and employee." *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942 (6th Cir. 1986) (quoting *NLRB v. Evans Plumbing Co.*, 639 F.2d 291, 293 (5th Cir. 1981)). "It is clear that NLRB actions are generally not affected by the automatic bankruptcy stay." *NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 832-833, 834 (9th Cir. 1991). Accordingly, the Board may prosecute an unfair labor practice case, proceed to a final decision, and liquidate any backpay amount, as long as it does not seek collection outside the Bankruptcy Court.

## Argument

I. **There Is No Provision In The Code Or Any Other Authority Which Confers Jurisdiction On The Bankruptcy Courts To Stay Or Enjoin Board Proceedings**

    A.    <u>Board Proceedings are Excepted from the Automatic Stay Provisions of 11 U.S.C. § 362 (Responding to Motion paras. 17–27)</u>

5. The fact that NLRB proceedings are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4) has been long settled by the Seventh Circuit Court of Appeals. *See NLRB v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991). Indeed, as the Seventh Circuit explained, "every circuit court addressing the issue, without exception, has held that section 362(a) does not apply to Board proceedings." *Id.* (internal citations omitted). *See also In re Pincombe*, 256 B.R. 774, 781 (Bankr. N.D.Ill. 2000) (Sonderby, Chief Judge) (holding automatic stay did not apply to state agency, citing *NLRB v. P\*I\*E Nationwide*).

6. It is remarkable that Plaintiff does not cite, let alone try to reconcile this controlling Seventh Circuit precedent or other overwhelming court precedent holding that NLRB proceedings are exempt from the automatic stay. Indeed, Plaintiff cites to no NLRB automatic stay case. Plaintiffs instead assert that 362(b)(4) does not apply to the Board in this case because the NLRB did not issue a Complaint until after the bankruptcy petition was filed and "[t]his fact helps to highlight that the Complaint was filed and being pursued mainly to enhance whatever economic claims the [employee] Referees might have in this case and is not a vehicle to protect the health and safety of Referees." (Mot. at 6, para. 23). That argument is patently untenable for the numerous reasons, not the least of which is that the NLRB has not filed a claim in this case; and the NLRB General Counsel's complaint is not seeking a monetary remedy in the unfair labor

4

practice proceeding. In any event, the premise of Plaintiff's argument is flawed since the courts have settled that the NLRB acts within its regulatory power even when it seeks a monetary backpay remedy in the administrative case. *See, e.g., NLRB v. P\*I\*E Nationwide,* 923 F.2d 506, 512-513 (7th Cir. 1991) (refusing to stay an NLRB unfair labor practice proceeding in which a backpay award was sought). Further, the courts have concluded that NLRB proceedings do satisfy the "pecuniary purpose test" cited by Plaintiffs (Mot. at 6-7) as well as the "public purpose test" cited by certain courts.[2]

7. Accordingly, the NLRB's administrative unfair labor practice proceedings are not subject to the automatic stay.

B. <u>The Board's Administrative Unfair Labor Practice Proceedings May Not Be Enjoined</u>

(1) The Bankruptcy Court Is a Court of Limited Jurisdiction Without Authority Under the Bankruptcy Code to Enjoin Board Proceedings (Responding to Motion paras. 28-30)

8. Bankruptcy Courts lack jurisdiction to enjoin NLRB administrative proceedings under

---

[2] *See, e.g., NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 832-33, 834 (9th Cir. 1991):

> NLRB actions have been exempted from the automatic stay under both analyses. First, the NLRB action is designed to prevent employers from violating federal labor law. "It is not a proceeding for the primary purpose of protecting the government's claim of entitlement to a pecuniary interest in the debtor's estate." [*citing Edward Cooper Painting,* 804 F.2d at 934, 942 (6th Cir. 1986); additional citations omitted]. Moreover, the Supreme Court has declared that Congress has explicitly chosen the NLRB as "its agent" to enforce the National Labor Relations Act. *Nathanson v.* NLRB, 344 U.S. 25, 30 (1952). The *Nathanson* Court also held that a bankruptcy court should defer the liquidation of a backpay claim to the NLRB: "And where the matter in controversy has been entrusted by Congress to an administrative agency, the bankruptcy court should normally stay its hand pending an administrative decision." *Id.*

See also *NLRB v. McDermott*, 300 B.R. 40, 44-45 (Bankr. D.Colo. 2003) (same); *NLRB v. Sawulski*, 158 B.R. 971, 977-979 (Bankr. E.D. Mich. 1993) (same).

5

Section 105. Section 105 does not itself confer jurisdiction or enlarge a bankruptcy court's jurisdiction beyond what is contained in the Code. *See In re Matter of Lloyd*, 37 F.3d 271, 275 (7th Cir. 1994) (the powers of Section 105 "may be exercised only within the confines of the Bankruptcy Code. The bankruptcy court does not have 'free floating discretion' to create rights outside the Code. . . .") (internal citations omitted); *In re S.T.R. Corp.*, 66 B.R. 49, 51 (Bankr. N.D. Ohio 1986) (refusing to enjoin or stay NLRB administrative proceedings, ruling "[t]he wording of Section 105 fails to grant the Court additional jurisdiction; it simply allows the Court to protect jurisdiction granted elsewhere in the Bankruptcy Code").[3]

9. Accordingly, for a bankruptcy court to be able to enjoin federal administrative proceedings under Section 105, such authority must be found elsewhere in the Bankruptcy Code. Plaintiff cites no such empowering Code section and none exists. To be sure, Congress granted the United States District Courts original and exclusive jurisdiction of all bankruptcy cases, 28 U.S.C. § 1334, and under 28 U.S.C. §157(a), a district court may refer any or all bankruptcy cases or proceedings to the bankruptcy court. *See generally In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986). However, neither section empowers bankruptcy courts to enjoin federal administrative proceedings. The Supreme Court has made clear that this jurisdiction does <u>not</u>

---

[3] *See also In re Professional Sales Corp.*, 56 B.R. 753, 762 (N.D.Ill. 1985) ("[S]ection 105 does not give the bankruptcy court jurisdiction which it does not already possess. . . ."); *In re Cary Metal Products, Inc. v. Cox*, 158 B.R. 459 (N.D. Ill. 1993) ("Section 105 does not provide a jurisdictional basis, but provides the scope and forms of relief the court may order in an action in which it has jurisdiction. Because the bankruptcy court does not have subject matter jurisdiction to hear [Plaintiff's]. . . complaint, § 105 does not apply here and no further discussion is warranted") (internal citation omitted), *affirming* 152 B.R. 927 (Bankr. N.D. Ill. 1993) (Sonderby, Chief Judge), *aff'd Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159 (7th Cir. 1994). *Cf. In re Kubly*, 818 F.2d 643, 645 (7th Cir. 1987) (the power of bankruptcy courts, as courts of limited jurisdiction "may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute. . . . [T]he existence of power within the bankruptcy case does not imply an expansion of jurisdiction beyond it. To the contrary, it suggests that courts must be particularly careful in ascertaining the source of their power. . . .").

6

provide the district and bankruptcy courts with jurisdiction over administrative proceedings. *Board of Governors v. MCorp Financial, Inc.*, 502 U.S. 32, 39-42 (1991)("Section 1334(b) concerns the allocation of jurisdiction between bankruptcy courts and other '*courts,*' and, of course, an administrative agency such as the [Federal Reserve] Board is not a 'court.' Moreover, . . . the prosecution of the Board proceedings, prior to the entry of a final order and prior to the commencement of any enforcement action, seems unlikely to impair the Bankruptcy Court's exclusive jurisdiction over the property of the estate"). *See also In re S.T.R. Corp.*, 66 B.R. at 51 ("The bankruptcy court has jurisdiction over the estate and the debtor and may order the debtor to take any action or abstain there from, but does not have jurisdiction to enjoin governmental agencies from adjudicating violations of the police or regulatory laws which they enforce") (citations omitted) *Cf. Zipp v. Geske & Sons, Inc.*, 103 F.3d 1379, 1382 (7th Cir. 1997) ("It is well established that a district court has no jurisdiction to enjoin unfair labor practice hearings before the NLRB") (citing *Meyers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938)).

    10. Accordingly, this Court, as a court of limited jurisdiction, is not empowered to enjoin the adjudication of those matters Congress expressly left to the Board's special expertise, namely, issues of alleged violation of the National Labor Relations Act. *See Nathanson v. NLRB*, 344 U.S. 25, 27 (1952); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 (1938); *San Diego Building Trades Council v. Garmon*, 359 U.S. 234, 245 (1959).[4]

---

[4] The single NLRB case Plaintiff cites to the contrary, *NLRB v. Superior Forwarding, Inc.*, 762 F.2d 695, 698 (8th Cir. 1985) (Mot. at 8, para. 28), was decided years before the Supreme Court issued its decision in *MCorp* and the Seventh Circuit and District Court for the Northern District of Illinois decided the above settled Section 105 precedent. *Superior Forwarding* also involved unique facts. The Circuit approved an injunction because of bankruptcy court findings that the Board proceeding would involve extraordinary litigation expenses, and because the legal theory underlying the unfair labor practices had just been specifically rejected by the intervening Supreme Court decision in *NLRB v. Bildisco and Bildisco*, 465 U.S. 513 (1984). Moreover, *Superior Forwarding* was effectively overruled by the subsequent Eighth Circuit decision of

(2) In Any Event, an Injunction Against the NLRB Would be Inappropriate in This Case (Responding to Motion paras. 8, 31–40)

11. Even aside from this Court's lack of jurisdiction to enjoin the NLRB's administrative unfair labor practice proceeding, an injunction would be improper in this case. The Plaintiff argues that such injunction is required because "the NLRB's actions do threaten the integrity of AFL's bankruptcy estate and do threaten to impair meaningfully the AFL's ability to implement a successful Chapter 11 estate." (Motion at 8). However, this is logically inconsistent with the fact that the remedy sought in the NLRB proceedings is non-monetary.

12. Plaintiff further argues that the AFL's ability to sell its assets may be foreclosed if the NLRB proceedings begin and "the AFL is forced to sign a collective bargaining agreement and the AFOA or the NLRB then asserts that a purchaser must assume the collective bargaining agreement in order to acquire the AFL's assets." (Motion at 9). There are numerous flaws with this argument, not the least of which is that the General Counsel's prosecutorial argument is that the AFL already had a voluntary "meeting of the minds" with the Union as to the collective bargaining agreement and thus there is a legal contract in place; the Debtor's failure to execute is its allegedly unlawful refusal to acknowledge the contract.. Plaintiff's apparent scheme to

---

*EEOC v. Rath Packing Co.*, 787 F.2d 318, 325-27 (8th Cir. 1986), in which the court found that litigation expenses do *not* constitute a threat to the assets of the estate so as to warrant enjoining law enforcement proceedings. The other cases relied upon by Plaintiff to support discretionary injunction (Motion at 8, para. 29) are simply inapposite as they concerned a bankruptcy court's authority to issue an injunction against private parties' *court* suits for monetary relief and not, as here, a federal agency's law enforcement administrative proceeding. *See Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir.1998); *In re Matter of L & S Indus., Inc.*, 989 F.2d 929, 932 (7th Cir. 1993).

hide the fact of the NLRB proceeding from potential buyers is improper and uninformed. Plaintiff can not escape asserted contractual obligations by delaying the NLRB proceeding. Nor is delay logically beneficial here. As explained above, the Board is the exclusive forum for determining unfair labor practice proceedings. *See supra* p. ___. Thus, whether the Board proceeds with its administrative proceeding now or months from now, the result will be the same. If the Debtor is held to have committed an unfair labor practice by the Board and any applicable Court of Appeals, the Debtor will be required to sign the collective bargaining agreement. This fact must be disclosed to potential purchasers.[5]

13. Plaintiff's notion that a stay of the NLRB proceeding is an appropriate alternative to seeking to reject the collective bargaining agreement under Section 1113 (Motion at 9) is contrary to the very purpose of Section 1113. Indeed, "Congress clearly manifested its intent that CBAs [collective bargaining agreements] be treated differently than other executory contracts with respect to rejection. Section 1113 specifically sets forth the standards and procedure for rejection of a CBA and makes clear that a debtor may not unilaterally reject a CBA." *In re Family Snacks, Inc.*, 257 B.R. 884, 890 (8th Cir. BAP 2001). "Given this legislative history, it is often said that § 1113 is designed to prevent the debtor from using bankruptcy as a judicial hammer to break the union." *Id.*

---

[5] Moreover, Debtor is simply incorrect as a matter of law that the NLRB or AFOA could simply assert that a new purchaser must automatically assume the collective bargaining agreement (Motion at 9, para. 33). *See, e.g., U.S. Marine Corp. v.* NLRB, 944 F.2d 1305, 1319-20 (7th Cir. 1991) ("Under the mandate of *NLRB v. Burns Int'l Security Services, Inc.*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972), a successor employer that does not agree to the substantive terms of a collective bargaining agreement in force between a union and the predecessor generally is not bound to observe those terms. Thus, a successor employer is 'ordinarily free to set initial terms on which it will hire the employees of a predecessor.' *Id.* at 294").

9

(internal citations omitted). By seeking to stall and effectively circumvent both the NLRB's jurisdiction to determine whether the AFL violated the NLRA plus application of Section 1113 requirements for rejection, the Plaintiff is asking this Court to take a hammer not only to the Union, but also to the National Labor Relations Act and to this Court's responsibilities under the Bankruptcy Code. This Court should reject Plaintiff's invitation.

14. Lastly, Plaintiff argues that "the prudent and responsible use of estate resources counsels strongly in favor of enjoining the NLRB from engaging in a useless and pointless action that serves no purpose other than to increase needlessly the fees and expenses charged to the Bankruptcy Estate." (Motion at 9). However, as the Seventh Circuit and Supreme Court have long recognized, "the cost and inconvenience of defending [oneself] is not alone sufficient to justify judicial intervention in the administrative process." *Borden Inc. v. FTC*, 495 F.2d 785, 789 (7th Cir. 1974) (citing *Myers*, 303 U.S. at 52 (1938); *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)). Indeed, "Congress by excepting certain actions from the automatic stay provision recognized that the debtor would likely incur litigation expenses as a result of any excepted lawsuit. Congress has therefore implicitly recognized that litigation expenses alone do not justify a stay of a proceeding." *EEOC v. Rath Packing Co.*, 787 F.2d 318 (8th Cir. 1986); *see also Dole v. Hansbrough*, 113 B.R. 96, 97 (D.D.C. 1990) (same); *In re Olympia Holding Corp.*, 161 B.R. 524, 530 (M.D.Fla. 1993) (same). In the context of assessing an alleged threat to estate assets from defending against NLRB proceedings, a court echoed that "as a matter of law" litigation expenses are not a per se threat to estate assets. *In re Nicholas, Inc.*, 55 B.R. 212, 217 (Bankr. N.J. 1985).

15. In any event, Plaintiff has not offered any facts to substantiate its alleged threat. Nor has Debtor provided any analysis or logical explanation for saving estate assets by this motion. The temporary stay requested by Plaintiff will simply delay and not save the expense of litigation before the Board. In any event, the cost of litigating the NLRB proceeding should not significantly exceed the price for litigating the instant adversary proceeding. Accordingly, the Court should refuse to enjoin the NLRB administrative unfair labor practice proceedings.

**II.     To Conserve the Resources of the Estate and Federal Government, the Court Should Cancel the September 22nd Hearing on the Motion and Dismiss the Underlying Complaint In Light of the Clarity of Controlling Precedent**

16. The NLRB respectfully submits that the instant complaint and motion for injunctive relief are meritless, and that this dispute can be decided on the pleadings filed. Accordingly, the NLRB requests that the Court decide the Motion on the briefs, cancel the September 22nd hearing, and dismiss the adversary complaint against the Board with prejudice. This would conserve the resources of the Estate, the NLRB, and this Court.

## Conclusion

For the reason stated above, the Board respectfully requests that this Court deny the Plaintiff's Motion, cancel the September 22nd hearing, and dismiss the adversary complaint against the Board.

        Respectfully submitted,

        _____/s_____
        ERIC G. MOSKOWITZ
        Assistant General Counsel
        for Special Litigation
        National Labor Relations Board
        1099 14th Street, NW
        Washington, D.C. 20570

        _____/s_____
        LAURA BANDINI
        Senior Attorney
        National Labor Relations Board
        1099 14th Street, NW
        Washington, D.C. 20570
        (202) 273-2930
        (202) 273-3784

        and

        _____/s_____
        JEANNETTE SCHRAND
        National Labor Relations Board
        Region 13, Chicago
        209 South La Salle, Suite 209
        Chicago, Illinois 60604

Dated: September 18, 2009

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this, the 18th day of September, 2009, she personally caused a copy of the attached to be served upon the following entities in the manner designated below:

_____/s_____
LAURA BANDINI
Senior Attorney
National Labor Relations Board
1099 14th Street, NW
Washington, D.C. 20570
(202) 273-3784

William J. Factor
Counsel for Arena Football League
1363 Shermer Road, Suite 224
Northbrook, IL 60062
Via ECF/CM
And Via Fax : (847) 574-8233

Paul Engelberts
President
Arena Football Officials Assoc.
Royal Oak, MI 48073
Via Fax: (248) 588-0105

Michael C. Arnold, Esq.
Attorney for AFOA
1125 Grand Boulevard, Suite 1600
Kansas City, MO 64106
Via Fax: (816) 471-5574

William T. Neary
United States Trustee, Reg. 11
219 S. Dearborn Street
8th Floor, Room 873
Chicago, IL 60604
Via ECF/CM